UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAEVON J. TAYLOR,<br><br>            Petitioner,<br><br>      v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT,<br><br>            Respondent. | Case No. 2:25-cv-03147-TJH (DTB)<br><br>**ORDER TO SHOW CAUSE REGARDING DISMISSAL** |

# I.

# PROCEEDINGS

On April 6, 2025, petitioner Daevon J. Taylor ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). (Docket No. 1). On April 28, 2025, Petitioner filed a Request to Proceed Without Prepayment of Filing Fees. (Docket No. 4). On June 11, 2025, Petitioner filed the following documents: "Emergency Motion for Temporary Restraining Order, Federal Oversight, and Order to Show Cause re: Preliminary Injunction" (Docket No. 5); "Emergency Request for

1

Immediate Review of Habeas Corpus Petition and Constitutional Relief" (Docket No. 6); and Notice of Submission of Exhibits and Sworn Declaration Into Court Record" (Docket No. 8).

On June 12, 2025, the District Judge issued an Order regarding Petitioner's Request to Proceed Without Prepayment of Filing Fees which was incomplete. (Docket No. 7). Petitioner was to refile a complete request within 30 days of the Court's Order. On August 8, 2025, as Petitioner failed to comply with the Court's Order, the District Judge dismissed this action without prejudice. (Docket No. 10). On October 7, 2025, Petitioner filed a Motion to Vacate the Dismissal along with a Support Declaration and a Notice of Errata Regarding Case Number. (Docket Nos. 11-13). On October 29, 2025, the Court granted Petitioner's Motion to Vacate and reopened this action ordering the Clerk to file Petitioner's CV-60 which was attached to his Motion to Vacate. (Docket No. 14). On November 17, 2025, the Court granted Petitioner's Request to Proceed in Forma Pauperis. (Docket No. 16).

On November 16, 2025, Petitioner filed the following documents: "Emergency Motion for Order to Show Cause and Order Requiring Response Under 28 U.S.C. §§ 2241, 2243" ("Motion") (Docket No. 17); "Table of Exhibit's In support of Emergency Motion For Order To Show Cause And Order Requiring Response Under 28 U.S.C. §§ 2241, 2243" (Docket No. 18); and "Declaration of Daevon J Taylor in Support of Emergency Motion For Order To Show Cause And Order Requiring Response Under 28 U.S.C. §§ 2241, 2243" ("Taylor Decl.") (Docket No. 19).

In the Petition, as well as by the Motion, Petitioner seeks this Court to intervene in his ongoing state criminal proceedings in Los Angeles County Superior Court, Case No. 24 JCF 03632-01. (Pet. at 1-2; Motion at 2-3). Specifically, Petitioner contends that his arrest and the accompanying search warrants relating to his ongoing state criminal proceedings were based on facially defective warrants,

and that the proceedings are also based on a restraining order which had previously been vacated. (Pet. at 2; Motion at 2-3). Plaintiff also alleges that he was improperly charged with the offense of "felon in possession," and that he has repeatedly been denied discovery in his state criminal proceedings. (Motion at 2-3). Petitioner raises multiple constitutional claims in the Petition, and seeks, *inter alia*, to have his current state court arrest and prosecution be declared unconstitutional and to have his pending state court charges dismissed. (Pet. at 4).

## II.

## LEGAL AUTHORITY

A federal court is required to screen all habeas petitions upon filing and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule" or "Habeas Rules"). Habeas petitions brought pursuant to 28 U.S.C. § 2241, such as the instant Petition, are subject to Habeas Rule 4. See Habeas Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and (4)).

Thus, the Court is required to screen the instant Petition prior to ordering service to determine whether it "plainly" appears Petitioner is entitled to relief. The Court has therefore screened the Petition pursuant to Habeas Rule 4 and, as set forth below, has determined that Petitioner is not entitled to habeas relief. However, before dismissing the Petition, the Court will first provide Petitioner the opportunity to be heard following this notice of the grounds for dismissal. See Race v. Salmonsen, 131 F.4th 792, 794 (9th Cir. 2025) (reversing sua sponte order of dismissal pursuant to Habeas Rule 4 where district court provided no notice to petitioner prior to order of dismissal).

Accordingly, the Court hereby issues this **Order to Show Cause why the Petition should not be dismissed** and specifically orders Petitioner to respond to the Order to Show Cause in writing by no later than **February 6, 2026**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

### III.
### ANALYSIS

The Court finds that the Petition is subject to dismissal on multiple grounds, all of which arise from the fact that Petitioner is seeking to have this federal court intervene in his pending state court criminal proceeding.

As an initial matter, this Court is prohibited from exercising any appellate jurisdiction over rulings or decisions made in Petitioner's state court criminal proceedings. Pursuant to the Rooker-Feldman Doctrine, a federal district court is barred from exercising appellate jurisdiction over state court decisions. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); Bennet v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. See Feldman, 460 U.S. at 486; see also 28 U.S.C. §1257.

The Rooker-Feldman Doctrine applies even when the challenge to a state court proceeding is based on federal constitutional issues, such as those raised in the Petition. See Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted). The relief sought in the Petition – for this Court to declare Petitioner's arrest and pending prosecution unlawful, and to dismiss all charges based on an invalid warrant – amounts to an appeal of the decisions and actions of the court and prosecutor in Petitioner's on-going state court proceedings and is

therefore barred by the Rooker-Feldman Doctrine. Habeas relief is therefore precluded.

This Court is also prohibited from intervening in a pending state court proceeding by the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). "Younger . . . reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014). Abstention "is appropriate when: (1) [T]here is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up). Exceptions to Younger abstention arise if bad faith, harassment, or some other extraordinary circumstances in the state proceedings would make abstention inappropriate. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982). All of the Younger factors are present in Petitioner's case, as there is an ongoing state judicial proceeding - Petitioner has criminal charges pending against him in the Los Angeles County Superior Court criminal proceedings. (Pet. at 2-3). This proceeding implicates California's important interest in preserving the integrity of its criminal justice proceedings. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Petitioner has not alleged that he will be deprived of an adequate opportunity to raise his constitutional claims at trial or on appeal. In addition, while Petitioner does not seek to enjoin the criminal proceedings directly, the relief sought in the Petition (and the Motion) would substantially

interfere with the state-court proceedings and would amount to enjoining the proceeding. Finally, the Court cannot infer from the Petition or Motion any bad faith, harassment, or extraordinary circumstances that would make abstention inappropriate. Accordingly, Younger requires the Court to abstain from intervening in Petitioner's state criminal proceedings through the requested habeas relief.

Finally, it appears habeas relief is unwarranted in this matter on the basis that Petitioner is not currently in custody. As set forth above, a state prisoner may bring a federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). This Court lacks jurisdiction in this matter because Petitioner is not claiming that he is in custody in violation of the Constitution or other federal law. See Baily v. Hill, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody); see also Maleng v. Cook, 490 U.S. 488, 490 (1989) ("in custody" requirement is jurisdictional). Petitioner alleges in the Petition that he has been released on bond pending his on-going state criminal proceedings, and that he is therefore not in custody. (See Petition at 2; Taylor Decl., ¶ 1). Thus, Petitioner is not challenging the legality of his custody, since he is not in custody, and habeas relief is therefore unwarranted.

Accordingly, for the reasons set forth above, the Court finds that it appears from the face of the Petition that Petitioner is not entitled to habeas relief. However, as noted previously, before recommending the dismissal of the Petition, the Court will afford Petitioner the opportunity to be heard. Accordingly, the Court provides as follows:

**Petitioner's Options**

If Petitioner contends that he is, in fact, raising cognizable habeas challenges, he must clearly explain this in a written response to this Order to Show Cause. Petitioner must file with the court a written response to the Order to Show Cause on or before **February 6, 2026.** In his response to the Order to Show Cause, Petitioner may set forth any reasons he wishes to argue against the dismissal of the action.

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **February 6, 2026**.

**The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey Court orders.**

Dated: January 8, 2026

_____
DAVID T. BRISTOW
United States Magistrate Judge